**IN THE COURT OF APPEALS OF IOWA**

No. 15-1575
Filed October 26, 2016

**GARY LYNN FRAZER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, David P. Odekirk, Judge.

Gary Lynn Frazer appeals the district court's dismissal of his postconviction-relief application. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Gary Lynn Frazer was convicted of murder in the first degree; the conviction was affirmed on appeal in 1978. *See State v. Frazer*, 267 N.W.2d 34, 39 (Iowa 1978). In August 2014, Frazer filed a postconviction-relief (PCR) application, which the PCR court dismissed as untimely in September 2015. In his PCR application and on appeal, Frazer argues the trial information was defective because if failed to state a crime for which Frazer could be charged and did not contain the required elements of the offense because the minutes of testimony—which contained the specific facts of the alleged offense—were filed five days after the trial information was approved by the district court.[1] Thus, Frazer concludes the court lacked subject-matter jurisdiction over his case. He then argues a challenge to jurisdiction can be made at any time and is not subject to the three-year statute of limitations. *See* Iowa Code § 822.3 (2013) (requiring PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). However, defects in a trial information do not implicate a court's subject-matter jurisdiction. *See Jones v. State*, No. 15-0345, 2016 WL 1680528, at *1 (Iowa Ct. App. Apr. 27, 2016) (following "a litany of opinions holding defects in a trial information do not implicate the subject matter jurisdiction of the court" where the trial information purportedly failed "to include facts supporting each element of the crime" and failed "to charge an offense"). As no other exception to the limitations period is alleged, Frazer's challenge to

---

[1] The State counters Frazer failed to preserve error on this claim because the district court did not directly address it in its summary dismissal order. However, this claim was clearly before the district court; we address Frazer's claim on the merits.

the trial information is time-barred.  We affirm the PCR court's dismissal of Frazer's application without further opinion.  *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**